IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    3:25-CR-87 (AJB) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JESUS ROMERO-HERNANDEZ,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

The Government hereby files its sentencing memorandum in the above-captioned case as to Defendant Jesus Romero-Hernandez, following his plea of guilty to an information charging him with one count of illegal reentry, in violation of 8 U.S.C. § 1326(a).

The Government has no objections to the factual accuracy of the final amended presentence investigation report ("PSR"). Dkt. No. 20. The Government further agrees that the PSR appropriately calculates the advisory sentencing guidelines, as follows:

- Base offense level, U.S.S.G. § 2L1.2:                 8

- Acceptance of responsibility, U.S.S.G. § 3E1.1(a):         -2

- **Total Offense Level:**                          **6**

PSR ¶¶ 11-20. As the Defendant has a Criminal History Category of II, the guidelines imprisonment range is 1-7 months. PSR ¶¶ 25, 59.

The Government also agrees that the guidelines term of supervised release is one year, PSR ¶ 63, and that the guidelines fine range is $1,000 to $9,500, PSR ¶ 70. The Defendant will also owe a $100 special assessment at sentencing, PSR ¶ 69, unless this Court remits the special assessment as uncollectable due to the Defendant's indigence, which in this case would be justified based on the Defendant's lack of income and assets, *see* PSR ¶¶ 56-57.

1

The Defendant, who is an alien and citizen of Mexico, has previously been removed from the United States seven times:  on July 18, 2016; July 28, 2016; August 4, 2016; August 5, 2016; August 22, 2016; September 19, 2016; September 23, 2016; and September 30, 2016. PSR ¶ 6. Subsequently, he returned to the United States without authorization, where he was found by immigration authorities on or about November 27, 2023, near Ithaca, New York. *Id.*

The Defendant's history of criminal conducting, including violent behavior and his repeated flouting of the immigration laws of the United States, is concerning. Mostly recently, the Defendant was charged with possessing prison contraband in the form of a floor tile sharpened to a point as a weapon. PSR ¶ 31. Considering all relevant sentencing factors, the Government respectfully submits that a sentence within the advisory guidelines range of 1-7 months would be sufficient, but not greater than necessary, to satisfy the purposes of sentencing and achieve a just result. *See* 18 U.S.C. § 3553(a). As the Defendant faces deportation following his service of any prison term, the Government recognizes that supervised release is not recommended by the guidelines, so the Government is not seeking imposition of a term of supervised release. *See* PSR ¶ 64 (citing U.S.S.G. § 5D1.1(c)).

Dated:  June 25, 2025                                   Respectfully submitted,

JOHN A. SARCONE III
United States Attorney

/s/ Michael F. Perry

By:  _____

Michael F. Perry
Assistant United States Attorney
Bar Roll No. 518952

2